IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KEVIN MICHAEL HUFFMAN,**

    **Petitioner,**

**v.**                                                                      **Civil Action No.: 3:23-CV-100
(GROH)**

**WARDEN BROWN,**

    **Respondent.**

## **REPORT AND RECOMMENDATION**

### I.  INTRODUCTION

On April 14, 2023, the Petitioner, an inmate incarcerated at Gilmer FCI ("Gilmer"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, regarding the calculation of his sentence under the First Step Act and CARES Act. ECF No. 1.[1] On April 24, 2023, the Petitioner paid the filing fee. ECF No. 4.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:23-CV-100, unless otherwise noted.

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     Instant Proceedings Under 28 U.S.C. § 2241

The Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Construed liberally, he raises three grounds for relief therein, that: (1) the Bureau of Prisons ("BOP") has failed to award him 365 days of earned time credits and an additional 180 days of good time credits for federal inmates confined during COVID; (2) he has completed several programs, maintained a clear conduct record, and worked at UNICOR since February 2021, thereby meriting additional time credits which the BOP has denied him; and (3) he has several health issues which would qualify him for home detention under the CARES Act. ECF No. 1 at 5–6. The Petitioner contends that he attempted to present the facts in relation to his petition to the prison's internal grievance procedure and the Bureau of Prisons (BOP), but asserts that he received verbal denial of his grievance. ECF No. 1 at 7. The Petitioner acknowledges that he did not present his claim to the Bureau of Prisons or any other federal agency for administrative action. Id. at 8.

For relief, Petitioner asks the Court to grant him time credits under the First Step Act, as an inmate confined during COVID, and any further relief to which he is entitled under the CARES Act. Id. at 8.

## III.    STANDARD OF REVIEW

### A.     Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the

record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

    **C.    Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241**

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

    **D.    Exhaustion of Administrative Remedies**

The Bureau of Prisons' Program Statement (BOP PS) 1330.18 § 542.10 et seq.,[3] addresses the Bureau's Administrative Remedy Program, and directs inmates on the processes necessary to exhaust their administrative remedies by filing four mandatory[4] remedies: (1) an informal resolution (BP-8)[5]; (2) an administrative remedy at the facility (BP-9); (3) an appeal to the regional office (BP-10); and (4) a final appeal to the central office (BP-11). Failure to complete all four mandatory remedies is fatal to a claim based on the inmate's failure to exhaust administrative remedies.

The Fourth Circuit recognizes the process that inmates must follow to exhaust administrative remedies:

---

[3] See https://www.bop.gov/policy/progstat/1330_018.pdf.

[4] Inmates who are incarcerated in Community Corrections Centers (CCCs) are not required to attempt informal resolution. BOP PS 1330.18 § 542.13.b.

[5] Many BOP institutional handbooks refer to the Informal Resolution Form as the BP-8 form. See:

1. FCI Waseca https://www.bop.gov/locations/institutions/was/was_ao_handbook_eng_031517.pdf;
2. FCI Oxford https://www.bop.gov/locations/institutions/oxf/OXF_aohandbook.pdf;
3. FPC Schuylkill https://www.bop.gov/locations/institutions/sch/SCH_camp_aohandbook.pdf;
4. USMC Springfield https://www.bop.gov/locations/institutions/spg/spg_ao_handbook050917.pdf;
5. USP Lewisburg https://www.bop.gov/locations/institutions/lew/LEW_smu_aohandbook.pdf;
6. FDC Tallahassee https://www.bop.gov/locations/institutions/tal/TAL_fdc_aohandbook.pdf;
7. FCI Fort Dix https://www.bop.gov/locations/institutions/ftd/FTD_aohandbook.pdf; and
8. USP/SCP McCreary https://www.bop.gov/locations/institutions/mcr/MCR_aohandbook.pdf.

> The BOP grievance process is set forth at 28 C.F.R. § 542.13–.15 (2009). First, an inmate normally must present his complaint informally to prison staff using a BP–8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" to the prison Warden using a BP–9 form. The BP–8 and BP–9 forms are linked. Both forms involve a complaint arising out of the same incident and both must be submitted within twenty calendar days of the date of that incident. 28 C.F.R. § 542.14(a). If the Warden renders an adverse decision on the BP–9, the inmate may appeal to the Regional Director within twenty calendar days of the date the Warden signed the response, using a BP–10 form. 28 C.F.R. § 542.15(a). The inmate may appeal an adverse decision by the Regional Director to the Central Office of the BOP using a BP–11 form. *Id.*

Hill v. Haynes, 380 F. App'x 268, 269, n.1 (4th Cir. 2010).

### IV.    ANALYSIS

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

5

Pursuant to McClung, failure to exhaust may only be excused upon a showing of cause and prejudice. The Petitioner contends that he attempted to exhaust his administrative remedies, but the institutional response to his grievance was a verbal denial. The Petitioner submitted no records to demonstrate that he took the required steps to exhaust the four-tiered administrative remedy process established for exhaustion of administrative remedies. It is unclear whether the Petitioner even initiated the first step, the filing of a BP-8 informal complaint, because even the filing of a BP-8 generates a written response from the institution. Rather, the Petitioner contends he "received a verbal denial by unit" for his grievance. ECF No. 1 at 7. Further, the Petitioner did not submit any records that he attempted to file a formal BP-9 complaint, or a BP-10 with the Regional Office, or a BP-11 with the Central Office or otherwise as to the issues raised in his § 2241 petition.

As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

6

Carmona, 243 F.3d at 634 (internal citations omitted).

Although it is possible that Petitioner attempted to file an administrative remedy at FCI Gilmer, he has provided no documents to support this claim. Two layers of administrative remedy, the filing of an informal complaint (BP-8) and formal complaint (BP-9) are necessary to file at the institutional level before an inmate can then file an appeal (BP-10) with the Regional Office, and an appeal (BP-11) with the Central Office. The Petitioner does not contend that he filed any of these documents.

In addition, the Petitioner never asserts that he requested administrative remedy forms, or was denied those forms by Gilmer staff. Although the Petitioner contends he presented the facts in relation to his present petition through the prison's internal grievance procedure, he does not claim or demonstrate that he administratively exhausted his claims at the institutional, regional, or national levels [ECF No. 1 at 7] and did not submit a copy of any alleged grievances which show that he ever submitted such a grievance. Further, he does not assert that he attempted to obtain or file an administrative remedy by filing BP-10, and BP-11 administrative remedy forms, as required to exhaust pursuant to 28 C.F.R. § 542.13–.15, and BOP Program Statement 1330.18 § 542.10 et seq., or was denied access to those forms. Accordingly, the undersigned finds that no cause or prejudice exists to excuse Petitioner's failure to exhaust.

Accordingly, it appears that Petitioner has failed to exhaust all administrative remedies available to address his claims. Although such a failure to exhaust may be excused for cause and prejudice, Petitioner has not demonstrated either cause or prejudice. The petition does not allege that Petitioner was denied access to the forms

7

necessary to file administrative remedies, nor does he contend that staff failed or refused to submit those forms once prepared by Petitioner. Instead, he admits that after he received a verbal denial of his claim, he filed the instant § 2241 petition. ECF No. 1 at 7–8.

Because Petitioner appears to have failed to exhaust his administrative remedies prior to filing this action, this court is without jurisdiction to consider the merits of the petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.     RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 9, 2024

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE